# CHARLESTON.

## MARIE FULLER *v.* JASPER E. FULLER

## (No. 5411)

Submitted October 27, 1925.    Decided November 3, 1925.

1.  DIVORCE—*Depriving Wife of Property and of Maintenance for Herself and Child Held to Constitute "Desertion" Warranting Divorce From Bed and Board and Support for Her and Child.*

    A case in which a wife, because of her frail physical condition by reason of childbirth, requested household assistance which was refused by the husband, whereupon she found it necessary to go with her child to the nearby home of her sister to obtain necessary care and attention temporarily until she could recover her strength. The husband, to make good his threat that if she left home he would not permit her to return, immediately sought to deprive the wife of prop-

erty given her before marriage and of maintenance for herself and child, and otherwise manifested his intention to abandon her. *Held:* Such conduct on the part of the husband constitutes desertion of the wife warranting a decree to her of divorce from bed and board and support of herself and child.  (p. 310.)

(Divorce, 19 C. J. § 109 [Anno.].)

2.  WITNESSES—*Communication Between Husband and Wife in Known presence and Hearing of Third Person Capable of Comprehending Held Not Privileged Communication.*

A communication between husband and wife in the known presence and hearing of a third person, capable of comprehending what is being said, is not so confidential as to be a privileged communication, and either the husband, wife, or the third person may testify in regard thereto.  (p. 312.)

(Witnesses, 40 Cyc. p. 2359.)

(NOTE:  Parenthetical references by Editors, C. J.—Cyc.  Not part of syllabi.)

Appeal from Circuit Court, Wood County.

Suit by Marie Fuller against Jasper E. Fuller for divorce. Decree for plaintiff, and defendant appeals.

*Affirmed.*

*Robert B. McDougle* and *Smith D. Turner,* for appellant.
*F. P. Moats,* for appellee.

LITZ, JUDGE:

The defendant appeals from a decree of the circuit court awarding plaintiff a divorce from bed and board and $75.00 per month for the support and maintenance of herself and child.

The plaintiff and defendant, twenty-nine and thirty-nine years of age, respectively, were intermarried January 18, 1923.  During their courtship he had manifested his interest in a substantial way by making numerous gifts to her, including the sum at one time, of $4000.00, which she immediately invested in a residence property in the city of Parkersburg, purchased at the price of $6000.00.  His infatuation continued after the marriage until, as it is claimed, she became

*enceinte,* when his ardor cooled and he became extremely penurious. May 15, 1924, the plaintiff was taken from her home in Parkersburg to a city hospital, and there a few hours later, delivered of a female child. May 25th, at her request, she was returned home before fully recovering from the usual effects of childbirth and lacerations attending the ordeal. By reason of her weakened physical condition the plaintiff was unable to attend to her household work and care for the child. In this situation, according to her testimony, she asked the defendant to employ a domestic temporarily until she could regain her physical strength sufficiently to perform these duties; that upon his refusal to comply with this reasonable request she announced it then would be necessary for her to stay at the home of her sister, a few blocks away, for a short while in order to receive proper attention; whereupon, in the presence of her thirteen year old daughter by a former marriage, he told the plaintiff that if she left he would not permit her to return. Saturday morning, May 31st, after he had left home without speaking to her, she took the child and went to the home of her sister. The defendant did not return home until night, when he found for the first time that the plaintiff had gone. To make good his threat, to the effect, that he would not further recognize the marriage relation, on Monday, June 2d, the defendant served written notice upon merchants in the city, stating:

> "Notice is hereby given that I will not be responsible for any debts contracted by my wife, Marie Fuller, from and after this date, June 2d, 1924."

On the same date he also presented to plaintiff a contract, which she refused to sign, providing for the sale of the property in which she had invested the $4000.00 gift, and the repayment to him of this amount out of the proceeds of sale. The defendant soon rented the apartment which he and his wife had been occupying. This suit was brought June 7, 1924, for divorce from bed and board and support of plaintiff and the child.

Although the defendant admits in his answer to the bill that the plaintiff, after returning from the hospital, requested assistance in the performance of her household duties and caring for the child, he testifies emphatically that she never made such request, and that her leaving was without the slightest excuse. He claims further to have invited her back before the suit was instituted. In contrast with this claim, however, which she denies, are the facts that immediately after her departure he proceeded to deny her and the child the right of support, and to obtain if possible the property he had given her before marriage. It is also the prayer of his answer and the appeal of counsel in his behalf that he be granted a temporary divorce from the plaintiff.

The facts and circumstances, in our opinion, clearly sustain the contention of plaintiff that defendant warned her before leaving that he would not permit her to return and that the threat was carried out by his subsequent acts and conduct. The issue, therefore, is not whether his treatment of her prior to her leaving temporarily for necessary attention was such cruelty as to justify her abandonment of him, but whether her going under these circumstances justified his prompt abandonment of her. Assuming that the plaintiff may have been hasty in leaving home, the defendant, instead of attempting to indulge her for a short time until her physical condition improved, engaged the services of four able lawyers in order to take advantage of her unfortunate situation. We can not say that the finding of facts by the circuit court is against the plain preponderance of the evidence.

It is contended that the testimony of the plaintiff and her daughter relating to the conversation between plaintiff and defendant, in the presence of the daughter, which was not objected to, is within the ban of Section 22, Chapter 130, Code, providing that no husband or wife shall disclose any confidential communication made by one to the other during their marriage.

The threat by the defendant in this conversation, which gives color to his subsequent acts and conduct, was made in disregard of the marriage relation, and was not intended to

be a communication in the confidence of matrimony. Its disclosure by her violates no confidence imposed upon plaintiff as a wife. 4 Wigmore on Evidence, 2d Ed., Sec. 2239. Moreover, a communication between husband and wife in the presence and hearing of a third person is not so confidential as to be a privileged communication, unless such person is a young child, or is otherwise totally incapable of comprehending what is being said, and either the husband or wife or the third person who was present may testify in regard thereto. 40 Cyc. p. 2359.

The judgment of the circuit court will therefore be

*Affirmed.*