# CHARLESTON.

ANNIE WOLF SHRIVER *v.* CARL JOHNSON *et al. Executors et al.*

(No. 5530.)

Submitted March 31, 1926.    Decided April 6, 1926.

DOWER—*Fact That Wife, in Frail Physical Condition From Child-birth, Left Home of Husband Temporarily to Obtain Necessary Care and Attention for Herself and Child, Which Husband Refused to Provide, Did Not Constitute Desertion, Barring Her From Dower.*

A wife in frail physical condition from childbirth is compelled to leave home temporarily in order to obtain necessary care and attention for herself and child, which the husband refuses to provide. Such action on her part does not constitute desertion by the wife of the husband, barring her from dower in his estate.

WOODS, JUDGE, absent.

(Dower, 19 C. J. § 136.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Morgan County.

Suit by Annie Wolf Shriver against Carl Johnson and others, executors of John W. Shriver, deceased, and others, to recover as his widow, in lieu of dower, a gross sum out of proceeds of lands belonging to the estate. From a decree dismissing her bill, plaintiff appeals.

*Reversed and remanded.*

*Georgia McIntire-Weaver,* for appellant.
*H. H. Emmert,* for appellees.

LITZ, PRESIDENT:

The plaintiff, Annie Wolf Shriver, appeals from a final decree of the circuit court of Morgan county dismissing her bill against the executors and infant children of John W. Shriver, deceased, wherein she seeks to recover as his widow, in lieu of dower in kind, a gross sum out of the proceeds

derived by the executors from the sale of lands belonging to the estate.

In 1921, at the age of twenty-six, plaintiff married John W. Shriver, fifty-four years old. He was a widower with four children, two daughters fifteen and thirteen, and two sons, eleven and four years of age. She kept house for him about four years before the marriage, under which two children were born. March 29, 1923, she gave birth to the second child. The weather was extremely cold and no provision was made for heating the room which she occupied, the husband refusing to permit her removal to another room which was heated. Little if any attention was given her by him and his daughters before or after the birth of the child. On account of the situation the midwife in attendance upon plaintiff sent for plaintiff's sister, who came the morning after the child was born. When it was eight or nine days old the plaintiff suffered a severe relapse and was waited upon by her sister, who stayed as long as she could endure the unpleasant treatment accorded her by Shriver and the two daughters; whereupon the plaintiff was compelled to seek the home of her parents, one and one-half miles distant, where she went April 20th for assistance in her weakened condition. Plaintiff testifies that she intended to return to Shriver as soon as she was able to get around, but that he died before that time, on June 3, 1923.

Shriver made no attempt to induce his wife to return, but on the contrary, several days after she left he published, on April 24, 1923, a notice in a local newspaper stating that she had deserted him and that he would not be responsible for her debts; and on May 8th executed a will devising his estate to his four children by a former wife, with the exception of $25.00 each to the two children of plaintiff. The second daughter, fifteen years old at the time of her father's death, admits that his children did not want Shriver to marry plaintiff; that they wanted him to send her away; that they "raised the roof" occasionally and he would side with them instead of with plaintiff; and that they finally made it so unpleasant for her that plaintiff did leave.

From the evidence it clearly appears that plaintiff was amply justified, on account of her delicate physical condition, in leaving Shriver to secure proper care and attention which he refused to furnish, and that for this reason her departure cannot be considered desertion, barring her right of dower, as held by the lower court. The facts here are very similar to those in *Fuller* v. *Fuller,* 100 W. Va. 309, 130 S. E. 270, where it was held that a wife in frail physical condition from childbirth was justified in leaving home temporarily in order to obtain necessary care for herself and child which the husband had failed to furnish.

The decree of the lower court will be reversed, and the cause remanded for further proceedings in accordance with the principles herein announced.

*Reversed and remanded.*