## WOLFLE *v.* UNITED STATES.

No. 338.   Argued December 12, 1933.—Decided January 8, 1934.

*Mr. George E. Flood,* with whom *Messrs. S. J. Wettrick* and *H. Sylvester Garvin* were on the brief, for petitioner.

Assistant Solicitor General *MacLean,* with whom *Solicitor General Biggs* and *Messrs. Harry S. Ridgely* and *W. Marvin Smith* were on the brief, for the United States.

12

Mr. Justice Stone delivered the opinion of the Court.

This case comes here on certiorari to review a ruling of the District Court for Western Washington in a criminal trial, admitting in evidence against the accused, the petitioner here, a statement contained in a letter written by him to his wife, but proved by the testimony of a stenographer, reading from her notes, to whom petitioner had dictated the letter and who had transcribed it. The ruling was upheld and the conviction sustained by the Court of Appeals for the Ninth Circuit, 64 F. (2d) 566, which adopted as the test of admissibility of the evidence its interpretation of the statute in force in the territory of Washington at the time of its admission to statehood. § 392, Code of Washington, 1881; see *State* v. *Nelson,* 39 Wash. 221; 81 Pac. 721; *State* v. *Rasmussen,* 125 Wash. 176; 215 Pac. 332.

During the present term this Court has resolved conflicting views expressed in its earlier opinions by holding that the rules governing the competence of witnesses in criminal trials in the federal courts are not necessarily restricted to those local rules in force at the time of the admission into the Union of the particular state where the trial takes place, but are governed by common law principles as interpreted and applied by the federal courts in the light of reason and experience. *Funk* v. *United States,* 290 U.S. 371. If any different rule with respect to the admissibility of testimony has been thought to apply in the federal courts, Wigmore on Evidence, 2d ed., § 6; compare *Alford* v. *United States,* 282 U.S. 687, it is clear that it

should be the same as that governing the competence of witnesses. So our decision here, in the absence of Congressional legislation on the subject, is to be controlled by common law principles, not by local statute.

The statement to which the witness was permitted to testify in the present case was a relevant admission by petitioner, probative of his guilty purpose or intent to commit the crime charged. It was therefore rightly received in evidence unless it should have been excluded because made in a communication to his wife.

The government insists that confidential communications between husband and wife are privileged only when the testimony offered is that of one of the spouses, and that the privilege does not exclude proof of communications between them, however confidential, by a witness who is neither the husband nor the wife. The question thus raised remains open in the federal courts.[1] But we

[1] Mr. Justice Miller, sitting as Circuit Justice, excluded evidence of confidential communications in a letter written by the husband to his wife, found by the latter's administrator among her papers, although proved by a third party witness. *Bowman* v. *Patrick*, 32 Fed. 368; cf. *Lloyd* v. *Pennie*, 50 Fed. 4. A like decision was reached by the Circuit Court of Appeals for the Sixth Circuit, in *New York Life Ins. Co.* v. *Ross*, 30 F. (2d) 80. The Court of Appeals for the Eighth Circuit made the same ruling with respect to a communication between an attorney and client in *Liggett* v. *Glenn*, 51 Fed. 381, and a district court reached a similar conclusion with respect to communications between physician and patient in *Dreier* v. *Continental Life Ins. Co.*, 24 Fed. 670. Compare a dictum in *Hopkins* v. *Grimshaw*, 165 U.S. 342, 351. It seems that many state courts rule that a communication between husband and wife, however confidential, may be proved by the testimony of a third person who has acquired knowledge of it, even though without the assent of the spouse making the communication, at least where the spouse to whom the communication was made is not responsible for the disclosure. *Hammons* v. *State*, 73 Ark. 495; 84 S.W. 718; *Wilkerson* v. *State*, 91 Ga. 729; 17 S.E. 990; *O'Toole* v. *Ohio German Fire Ins. Co.*, 159 Mich. 187; 123 N.W. 795; *State* v. *Wallace*, 162 N.C. 622; 78 S.E. 1; cf. *People* v. *Hayes*, 140 N.Y. 484; 35 N.E. 951.

14

find it unnecessary to answer it here, for in the view we take the challenged testimony to the communication by the husband to his wife is not within the privilege because of the voluntary disclosure by him to a third person, his stenographer.

The basis of the immunity given to communications between husband and wife is the protection of marital confidences, regarded as so essential to the preservation of the marriage relationship as to outweigh the disadvantages to the administration of justice which the privilege entails. See *Hammons* v. *State,* 73 Ark. 495, 500; 84 S.W. 718; *Sexton* v. *Sexton,* 129 Iowa 487, 489, ff; 105 N.W. 314; *O'Toole* v. *Ohio German Fire Ins. Co.,* 159 Mich, 187, 192; 123 N.W. 795; Wigmore on Evidence, 2d ed., § 2336. Hence it is that the privilege with respect to communications extends to the testimony of husband or wife even though the different privilege, excluding the testimony of one against the other, is not involved. See *Gordon, Rankin & Co.* v. *Tweedy,* 71 Ala. 202, 210; *Wickes* v. *Walden,* 228 Ill. 56; 81 N.E. 798; *Southwick* v. *Southwick,* 49 N.Y. 510, 519; Wigmore on Evidence, 2d ed., §§ 2227, 2228, 2332, 2333.

Communications between the spouses, privately made, are generally assumed to have been intended to be confidential, and hence they are privileged; but wherever a communication, because of its nature or the circumstances under which it was made, was obviously not intended to be confidential it is not a privileged communication. See *Caldwell* v. *State,* 146 Ala. 141, 143; 41 So. 473; *Parkhurst* v. *Berdell,* 110 N.Y. 386, 393; 18 N.E. 123; *Truelsch* v. *Miller,* 186 Wis. 239, 249; 202 N.W. 352. And, when made in the presence of a third party, such communications are usually regarded as not privileged because not made in confidence. *Jacobs* v. *United States,* 161 Fed. 694; *Cocroft* v. *Cocroft,* 158 Ga. 714; 124 S.E.

346; cf. *Linnell* v. *Linnell*, 249 Mass. 51, 143 N.E. 813, with *Freeman* v. *Freeman*, 238 Mass. 150; 130 N.E. 220.

Here it is suggested that the voluntary disclosure to the stenographer negatives the confidential character of the communication. Cf. *State* v. *Young*, 97 N.J.L. 501; 117 Atl. 713. But we do not think the question which we have to determine is one of fact whether the petitioner's letter to his wife was intended to be confidential. We may take it that communications between husband and wife may sometimes be made in confidence even though in the presence of a third person, see *Robin* v. *King*, 2 Leigh (Va.) 140, 144; and that would seem especially to be the case where the communication is made in the presence of or through the aid of a private secretary or stenographer whose duties, in common experience, are confidential. Cf. *Edmondson* v. *Birch & Co.*, [1907] 1 K.B. 371, 382. Accordingly the question with which we are now concerned is the extent to which the privilege which the law concedes to communications made confidentially between the husband and wife embraces the transmission of them, likewise in confidence, through a third party intermediary, communications with whom are not themselves protected by any privilege. Cf. *Drew* v. *Drew*, 250 Mass. 41; 144 N.E. 763.

Petitioner invokes the authority of those cases where the privilege granted to communications between attorney and client has been held to exclude proof of the communication by the testimony of a clerk present when it was made, see *Sibley* v. *Waffle*, 16 N.Y. 180, 183; *Wartell* v. *Novograd*, 48 R.I. 296, 301; 137 Atl. 776; *Taylor* v. *Forster*, 2 C. & P. 195; cf. *State* v. *Brown*, 2 Marv. (Del.) 380, 397; 36 Atl. 458, and of those where the statutory privilege extended to the information gained by a physician from consultation with his patient has been deemed to exclude, by implication, proof of the condition of the

patient by testimony of a nurse who attended the consultation. See *Culver* v. *Union Pacific R. Co.*, 112 Neb. 441, 450; 199 N.W. 794; cf. *Mutual Life Ins. Co.* v. *Owen*, 111 Ark. 554; 164 S.W. 720. It is said that the stenographer here similarly stood in a confidential relationship to the petitioner and that the communication to her of the contents of petitioner's letter to his wife should, on grounds both of reason and convenience, be protected by the privilege which the law extends to confidential communications privately made between husband and wife.

We may assume for present purposes that where it is the policy of the law to throw its protection around knowledge gained or statements made in confidence, it will find a way to make that protection effective by bringing within its scope the testimony of those whose participation in the confidence is reasonably required. It may be that it would be of little worth to forbid the disclosure of information gained by a physician from the examination or consultation of his patient, if the nurse, necessarily present, could reveal it. See *Culver* v. *Union Pacific R. Co.*, *supra; Mississippi Power & Light Co.* v. *Jordan*, 164 Miss. 174; 143 So. 483. It may plausibly be urged that the privilege of attorney and client would be as often defeated as preserved if it did not draw within its sweep the testimony of clerks in the lawyer's office. See *Sibley* v. *Waffle, supra.*

But it is unnecessary now to determine the latitude which may rightly be given to the privilege which the law confers upon either of these relationships, for no considerations such as those suggested apply to marital communications under conditions disclosed here. Normally husband and wife may conveniently communicate without stenographic aid and the privilege of holding their confidences immune from proof in court may be reasonably enjoyed and preserved without embracing within it the

testimony of third persons to whom such communications have been voluntarily revealed. The uniform ruling that communications between husband and wife, voluntarily made in the presence of their children, old enough to comprehend them, or other members of the family within the intimacy of the family circle, are not privileged, *Linnell* v. *Linnell*, 249 Mass. 51; 143 N.E. 813; *Cowser* v. *State*, 70 Tex. Cr. Rep. 265; 157 S.W. 758; *Fuller* v. *Fuller*, 100 W.Va. 309; 130 S.E. 270, is persuasive that communications like the present, even though made in confidence, are not to be protected. The privilege suppresses relevant testimony and should be allowed only when it is plain that marital confidence can not otherwise reasonably be preserved. Nothing in this case suggests any such necessity.

We do not intimate whether in the present circumstances the wife's testimony, not offered against her husband, would likewise be freed of the restriction. Cf. *Nash* v. *Fidelity-Phenix Fire Ins. Co.*, 106 W.Va. 672; 146 S.E. 726.

*Affirmed.*