## UNITED STATES v. VON BONIM et al.

### Application of GRIEBL.

District Court, S. D. New York.
Sept. 16, 1938.

Lamar Hardy, U. S. Atty., of New York City.

Andrew S. Fraser, of New York City, for petitioner.

HULBERT, District Judge.

Motion for an order freeing, discharging and releasing Maria Griebl (a naturalized American citizen of German birth) as a material and necessary witness herein; discharging and releasing her from bail and

discharging and releasing her bail and surety, is denied.

The petitioner is the wife of Ignatz Theodore Griebl (also a naturalized American citizen of German birth), one of the defendants who, after the service of a Grand Jury subpœna, but before the presentation of evidence which resulted in the filing of an indictment on June 20, 1938, charging conspiracy to violate the Espionage Act, suddenly departed for Germany.

On September 6th, 1938, a Commission was issued upon the application of the defendant Hofmann to take the testimony of Dr. Griebl before the American Consul at Vienna in her behalf.

Immediately after the departure of Dr. Griebl became known, an investigation was begun by the Grand Jury and is still pending. Having learned that Mrs. Griebl had disposed of her husband's office equipment and purchased a steamship ticket to Bremerhafen, Germany, and believing she would be a material witness at the trial and at any criminal proceeding resulting from the inquiry of her husband's flight beyond the jurisdiction of this Court, she was taken into custody upon a complaint made by a Special Agent of the Federal Bureau of Investigation and thereafter admitted to bail in the sum of $5,000.

■ The petitioner claims she is not a material witness. In her petition she alleges "that she did not know any of the defendants mentioned in the indictment and to her knowledge never contacted or had any transactions with any of them outside of her own husband."

It appears that she was in Germany from September 12, 1937, to April 21, 1938, during which time Agent Turrou avers she stated to him she had several telephone conversations and corresponded with the defendant Erich Pfeiffer. Thus it appears that the Government may call Mrs. Griebl as a witness in an effort to prove facts to sustain allegations of the indictment, at least as against the defendant Pfeiffer, alias N. Spielman.

The petitioner contends that she is not a competent witness (1) because her husband is a co-defendant and she cannot be required to testify against him, and (2) the prosecution may attempt to compel her to disclose confidential communications between her husband and herself.

Recognition by the common law of a wife's privilege not to testify in a criminal case against her husband has become questionable as the cause for the recognition of equal rights for women has triumphantly progressed. One of the foremost text writers has described it as one "which never had a good reason for existence, surviving none the less through two centuries upon the strength of certain artificial dogmas,—pronouncements wholly irreconcilable with each other, with the facts of life, and with the rule itself, and yet repeatedly invoked, with smug judicial positiveness, like magic formulae, to still the spectre of forensic doubt." 4 Wigmore, Evidence (2nd Ed. 1923) 2227.

The Supreme Court has pointed out the duty of the trial courts to decide questions of evidence in accordance with present day standards of wisdom and justice rather than in accordance with some outworn and antiquated rule of the past. Funk v. U. S., 1934, 290 U.S. 371, 54 S.Ct. 212, 78 L.Ed. 369, 93 A.L.R. 1136.

■ The petitioner relies upon a decision of this Court in the Western District of New York (1927) in which it was held that the rule of the Federal Courts which forbids a husband or wife to testify for or against each other in a criminal case, is not based on the English common law but on the fact that the rule was in force in the several States when the first Judiciary Act was enacted by the Congress on Sept. 24th, 1789, 1 Stat. 73, but, in Wolfle v. U. S., 291 U.S. 7, at page 12, 54 S.Ct. 279, 78 L. Ed. 617, Mr. Justice Stone said: "During the present term this Court has resolved conflicting views expressed in its earlier opinions by holding that the rules governing the competence of witnesses in criminal trials in the federal courts are not necessarily restricted to those local rules in force at the time of the admission into the Union of the particular state where the trial takes place, but are governed by common-law principles as interpreted and applied by the federal courts in the light of reason and experience."

In Yoder v. U. S., 10 Cir., 80 F.2d 665, followed in Thouvenell v. Zerbst, 10 Cir., 83 F.2d 1003, 1004, the Court declared that in 20 states all restrictions of the competency of a wife to testify against her husband have been abolished, and commented upon the clear and decided trend toward removing the bar of incompetency and allowing the trier of the facts to hear all of the evidence, the interest or relationship of

the witness to the parties being given due consideration in weighing its value.

But whether the petitioner may be required to testify against her husband is quite beside the point in this case. Being a fugitive from justice he cannot and will not be on trial and therefore assuming that the concept of a basic testimonial immunity, asserted by counsel for petitioner, still exists, it would have no application in this case because the defendant Dr. Griebl will not be on trial and the petitioner will not be called upon to give any testimony against him. If called to testify when questions of privilege as to the disclosure of confidential communications between her husband and herself should arise, it will be for the trial judge to pass upon and determine that issue.

The petitioner's contention that because of her physical condition it is indispensable for her to get to Germany for an operation, is not impressive in view of the fact that it has not been asserted until almost the eve of the commencement of the trial now set for October 4th, 1938. Submit order.