SHARP, Judge,
concurring specially.
This case is in point with Mercer v. State, 40 Fla. 216, 24 So. 154 (Fla.1898), and we should affirm on its authority. The parties in this case were married when the note was written, and when it was intercepted, and at the time the privilege was asserted. Whether the communicating spouse intended the note to be received after death is not relevant. But, whether the privilege is available for a written communication made while spouses are married, but which is received or intercepted after the death of the sender is a different question. After death or divorce, the justification for the privilege — maintaining peace and harmony between marital parties, Mercer, 24 So. at 157 — pales considerably; and the need for the excluded relevant testimony in the interest of doing justice may be compelling in another case.[1]

. See Wolfle v. United States, 291 U.S. 7, 54 S.Ct. 279, 78 L.Ed. 617 (1934).