Maia CAPLAN

v.

**FELLHEIMER EICHEN BRAVERMAN & KASKEY and David L. Braverman.**

Civ. A. No. 94–7506.

United States District Court, E.D. Pennsylvania.

July 18, 1995.

William H. Ewing, Carl Oxholm, III, Connolly Epstein Chicco, Foxman Engelmyer and Ewing, Philadelphia, PA, for plaintiff.

Carolyn P. Short, Kenneth M. Kolaski, Philip W. Newcomer, Reed Smith Shaw & McClay, Philadelphia, PA (Helen M. Braverman, Fellheimer Eichen Braverman and Kaskey, Philadelphia, PA, of counsel), for defendants.

## MEMORANDUM

JOYNER, District Judge.

Presently before this court is Plaintiff's motion to overrule Defendants' objections based on the marital communication privilege at a non-party's deposition. Plaintiff alleges that Deponent's assertion of the marital privilege was not warranted because the communications at issue were not confidential. Plaintiff also asserts that Deponent's failure to specifically answer questions pertaining to the nature of the allegedly privileged material leaves Plaintiff with insufficient information to determine whether the objections were warranted.

Plaintiff, a former employee of Defendant law firm Fellheimer Eichen Braverman & Kaskey (the Firm), brought this action for alleged Title VII violations, as well as several other intentional torts, and has now entered into the discovery stage. This motion arises out of events surrounding the deposition of Mrs. Helen M. Braverman, who plays several roles in this lawsuit. Mrs. Braverman is of counsel to the Firm, is of counsel to Defendants in this action, and is the wife of Defendant David Braverman. Additionally, Mrs. Braverman was selected by the Firm to conduct an internal investigation of Plaintiff's claims.[1] During Mrs. Braverman's deposition by Plaintiff's counsel, Mrs. Braverman asserted the marital privilege in regard to several questions concerning her husband. The sole issue today is whether Mrs. Braverman was justified in doing so.

■ The marital communications privilege "bars testimony concerning statements privately communicated between spouses." *United States v. Marashi*, 913 F.2d 724, 729 (9th Cir.1990). The privilege, though, is lim-

ited in three ways. First, "the privilege extends only to words or acts intended as communication to the other spouse." *Id.* Second, the communication must have been "made during a valid marriage." *Id.* Third, the communication must have been made with the intent that it remain confidential. *Id.* at 730.

■ The party asserting the marital privilege "bears the burden of establishing all the essential elements involved." *United States v. Hamilton*, 19 F.3d 350, 354 (7th Cir.1994). The spouse asserting the privilege must therefore show that answering the question would require her to disclose "words or acts intended as communication" from the other spouse. *Marashi*, 913 F.2d at 729. Furthermore, the spouse must prove that the communication was made during a valid marriage. *Hamilton*, 19 F.3d at 354; *United States v. Byrd*, 750 F.2d 585, 590 (7th Cir.1984). Once these two elements are established, the final element of confidentiality is presumed. *In re Grand Jury Investigation*, 603 F.2d 786, 788 (9th Cir.1979); *Byrd*, 750 F.2d at 590. Therefore, all communications made during a valid marriage are presumed to be confidential, and the opposing party has the obligation of overcoming this presumption. *Blau v. United States*, 340 U.S. 332, 333, 71 S.Ct. 301, 302, 95 L.Ed. 306 (1951); *Wolfle v. United States*, 291 U.S. 7, 14, 54 S.Ct. 279, 280, 78 L.Ed. 617 (1934).

■ This presumption of confidentiality, however, is not infinite. "Wherever a communication, because of its nature or the circumstances under which it was made, was obviously not intended to be confidential, it is not a privileged communication." *Wolfle*, 291 U.S. at 14, 54 S.Ct. at 280. When made before a third person, or when likely to be heard by a third person, "[s]uch communications are usually regarded as not privileged because [they are] not made in confidence." *Id.; Marashi*, 913 F.2d at 730.

■ Furthermore, when a party wishes to assert the privilege, she must observe certain

---

1. As Defendant notes and this court recognizes, the legal issues here are equally applicable to Judith and Alan Fellheimer, who, like the Bravermans, are married attorneys in the Defendant law firm. Therefore, the Parties should adhere to the guidelines established in this Memorandum and Order if and when Plaintiff deposes Judith Fellheimer.

requirements. Under Federal Rule of Civil Procedure 26(b)(5), a party asserting a privilege to withhold information must "make the claim expressly and shall describe the nature of the ... communications ... in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Fed.R.Civ.P. 26(b)(5). "Although the person from whom the discovery is sought decides whether to claim a privilege or protection, the court ultimately decides whether, if this claim is challenged, the privilege or protection applies." *Communication from the Chief Justice of the United States Transmitting Amendments to the Federal Rules of Civil Procedure and Forms, Pursuant to 28 U.S.C. 2072,* H.R. Doc. No. 74, 103d Congress, 1st Sess. (1993), 146 F.R.D. 402, 639 (1993). Therefore, the nature of the communications must be appropriately defined when asserted in order for the opposing party to have the opportunity to challenge it and for this court to determine whether the privilege should apply.

■ Although Plaintiff admits that Mrs. Braverman is using the privilege to protect statements made during a valid marriage, these communications are not necessarily confidential. Mrs. Braverman's unique role in this lawsuit presents an especially difficult task in determining whether her assertion of the marital privilege is appropriate. Any conversations between Mr. and Mrs. Braverman during which a third person was present are obviously not confidential. Furthermore, any conversations between the couple during which Mrs. Braverman was acting in her role as an investigator for the firm are not privileged, because these communications were expected to be shared with others in the firm. Mrs. Braverman's role at the time of the conversation is extremely important in determining whether the marital privilege applies. Therefore, Plaintiff's questions concerning the time, place, and general subject matter of the communications must be answered in order to determine whether the communication was intended to be confidential.

Mrs. Braverman's failure to explain the nature of the communications that she claims are privileged leaves this court with insufficient information to decide whether the assertion of the privilege was warranted. Merely stating that the communication is privileged, as Mrs. Braverman repeatedly did, is insufficient under Fed.R.Civ.P. 26(b)(5). Therefore, Mrs. Braverman is required to answer questions regarding the communications with her husband. If Mrs. Braverman asserts the marital privilege, she must provide adequate information under Fed.R.Civ.P. 26(b)(5) to determine whether her assertion is warranted.

The discovery deadline in this case was July 3, 1995. Plaintiff is granted an extension of ten days from the date of this Order's entry in which to take Mrs. Braverman's deposition. The questions at that deposition will be limited to originally objected-to questions, questions to determine the applicability of the marital privilege, as discussed in this memorandum, and, if any objected to questions are now answered, follow-up questions based on these answers.

■ Plaintiff's request for attorneys' fees, however, is denied. We find that Defendant acted reasonably and ethically when asserting the privilege, especially given the complex issues regarding Mrs. Braverman's role in this case.

An appropriate order follows.

## ORDER

AND NOW, this 18th day of July, 1995, upon consideration of Plaintiff's Motion to Overrule Defendants' Objections Based on the Marital Privilege, and Defendants' response thereto, it is hereby ordered, for the reasons set forth in the preceding memorandum, that said Motion is hereby GRANTED in PART and DENIED in PART as follows:

I. Helen Braverman is required to answer all questions asked of her regarding communications with her husband David. L. Braverman arising out of, relating to or otherwise concerning her investigation of Plaintiff's claims, and may not assert the marital privilege as the basis for not responding to such questions;

II. If Mrs. Braverman asserts the marital privilege, she must describe the nature of the communications, as well as answer questions regarding the basis of that specific assertion;

III. Plaintiff is GRANTED an extension of time of 10 days from the date of this order's entry within which to take Mrs. Braverman's deposition. The questions at that deposition will be limited to questions originally objected to on the basis of the marital privilege, questions to determine the applicability of the marital privilege, if Mrs. Braverman or Defendants again assert it, and, if any objected-to questions are now answered, follow-up questions based on those answers;

IV. Plaintiff's request for attorneys' fees in making this motion is DENIED.