# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 8, 2008

Charles R. Fulbruge III
Clerk

No. 07-60458
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LESTER LIVINGSTON

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:06-CR-203-1

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant Lester Livingston was found guilty of mailing threatening communications in violation of 18 U.S.C. § 876.[1] On appeal, Appellant argues that the district court improperly admitted into evidence a letter from him to his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 18 U.S.C. § 876(c) provides in pertinent part: "Whoever knowingly so deposits or causes to be delivered [by the United States Postal Service] . . . any communication . . . addressed to any other person and containing any threat to . . . injure the person of the addressee or of another, shall be fined under this title or imprisoned not more than five years, or both."

then-wife, Sharon Drewery, in violation of the marital communications privilege. Accordingly, Appellant argues, the charge against him must be dismissed. In the alternative, Appellant argues that the district court erred by failing to exclude evidence under Federal Rule of Evidence 404(b) and a new trial is warranted. We AFFIRM.

## I. Background

Appellant and Sharon Drewery were married for fifteen years. During that time, Appellant also had an intimate relationship with Drewery's sister, Cynthia Coleman. In June 2005, Appellant was incarcerated at the Federal Correctional Institution in Yazoo City, Mississippi. On or about June 30, 2005, Appellant sent a letter ("the letter") to Drewery, addressed to her parents' house in McCool, Mississippi, where Drewery continued to receive mail. In eight different sentences of the letter, Appellant asked Drewery to speak with Coleman in order to mend his relationship with Coleman. The letter contained alleged threats that formed the basis of Appellant's charge under 18 U.S.C. § 876. Specifically, Appellant wrote:

> [I]f I have to come looking for [Coleman], me and her both are going to die on the same day, because, I'm not living without her, because, she is my life, and, I'm not about to let another mother fucker take my place, and, I will make sure that I'll die in her arms . . . we'll die in eachothers [sic] arms . . . if I have to come looking for her, and, I will find her, you are going to lose us both in the same day, because, we will die in eachothers [sic] arms, and, that's a promise, because, I'm tired of her fucking around on me. . . . Sharon, I don't want to come looking for her, because, it will be our last day on earth, and, I can promise you that.

Drewery, Coleman, and Coleman's husband (then boyfriend), Donald Coleman, traveled to McCool to read the letter. Subsequently, Donald Coleman contacted the Federal Bureau of Investigations ("FBI") to complain about the letter. Appellant voluntarily agreed to speak with two FBI agents.

He admitted writing the letter, but stated that "it was just talk and he would never hurt his family."

The FBI also interviewed Drewery and Coleman. The women stated that Appellant had a history of abusing them. The transcripts of these interviews were not provided to Appellant's counsel prior to trial. When the government mentioned Appellant's alleged history of abuse during its opening statement and when Drewery and Coleman testified to the same, Appellant's counsel objected and moved for mistrial. The district court denied both motions for mistrial. The jury found Appellant guilty, and judgment was entered against him on May 21, 2007.

## II. Standard of Review

We review a district court's determinations regarding the admissibility of evidence for abuse of discretion. United States v. Pace, 10 F.3d 1106, 1115 (5th Cir. 1993).

## III. Analysis

### A. Marital Communications Privilege

Appellant argues that the district court violated his marital communications privilege when it admitted the letter into evidence. Marital communications "are presumptively confidential." Blau v. United States, 340 U.S. 332, 333 (1951). There is no dispute that the letter was written while Appellant and Drewery were still married. However, "wherever a communication, because of its nature or the circumstances under which it was made, was obviously not intended to be confidential, it is not a privileged communication." Wolfle v. United States, 291 U.S. 7, 14 (1934). The presumption of confidentiality "may be overcome by proof of facts showing that they were not intended to be private," such as "[t]he presence of a third party . . . [or] the intention that the information conveyed be transmitted to a third person." Pereira v. United States, 347 U.S. 1, 6 (1954) (citations

omitted); see also United States v. Archer, 733 F.2d 354, 359 (5th Cir. 1984). The government bears the burden of showing that the communication was not intended to be confidential. Blau, 340 U.S. at 332.

Here, Appellant argues that the letter is protected under the marital communications privilege because the sentences expressing his desire for Drewery to talk to Coleman do not contain the threats against Coleman. Thus, Appellant argues, the threats that are necessary for a § 876 conviction were not intended to be conveyed to Coleman, a third party.

Appellant's argument requires this Court to parse the letter sentence by sentence to determine which phrases were intended to be conveyed to Coleman and which were intended to remain confidential between him and Drewery. Under the circumstances of this case, we reject Appellant's argument. Nothing in the letter suggests that Appellant intended for Drewery to only relay certain statements to Coleman. The threats were interwoven with the pleas to talk to Coleman, and the nature of the letter, as a whole, evidences Appellant's intent that the content be transmitted via Drewery to Coleman. This is in fact what happened: Drewery testified that after reading the letter she passed it to Coleman "because it was about her." Therefore, we find that the district court properly admitted the letter, and Appellant's marital communications privilege was not violated.

B. Evidence of Prior Bad Acts

In the alternative, Appellant argues that reference to his alleged abuse of Drewery and Coleman via testimony and the government's opening statement was improper under Federal Rule of Evidence 404(b) because the government did not disclose this evidence prior to trial.[2] In response, the

---

[2] Federal Rule of Evidence 404(b) provides that: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident,

government argues that the evidence was intrinsic to the crime charged and, therefore, Rule 404(b) is inapplicable. See United States v. Coleman, 78 F.3d 154, 156 (5th Cir. 1996) ("Intrinsic evidence does not implicate Rule 404(b), and consideration of its admissibility pursuant to Rule 404(b) is unnecessary.").

We do not reach the issue of whether the evidence of alleged abuse was intrinsic because we find, even assuming such evidence was not intrinsic and subject to Rule 404(b), any error was harmless. An error is harmless if it did not cause "substantial prejudice." Guidry v. Dretke, 397 F.3d 306, 331 (5th Cir. 2005). Evidence regarding the alleged abuse was not substantially prejudicial to Appellant because the other evidence presented at trial overwhelmingly supported a conviction under 18 U.S.C. § 876. A violation of § 876 occurs where the government "prove[s] that the defendant wrote a letter containing a threat and knowingly caused it to be mailed." United States v. Raymer, 876 F.2d 383, 391 (5th Cir. 1989); see also United States v. DeShazo, 565 F.2d 893, 894-95 (5th Cir. 1978) (per curiam) (finding violation of § 876 where defendant admitted he wrote a letter containing threats to Senators Dole and Mondale and caused it to be placed in the mail, despite defendant's claim that he did not intend to harm anyone). It is undisputed in this case that Appellant wrote the letter and knowingly caused it to be mailed. Thus, assuming arguendo that the alleged abuse was improperly admitted under Rule 404(b), such error was harmless and Appellant is not entitled to a new trial. Therefore, the judgment is

AFFIRMED.

---

provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial."