**Milady JIMÉNEZ, Plaintiff**

v.

**AMGEN MANUFACTURING LTD., et al., Defendants.**

**Civil No. 09–1596 (JA).**

United States District Court, D. Puerto Rico.

March 11, 2010.

**220**

Amauri D. Padilla–Garcia, Nicolas Nogueras–Cartagena, Nicolas Nogueras Law Offices, San Juan, PR, for Plaintiff.

Carl E. Schuster, Mariela Rexach–Rexach, Zahira Diaz–Vazquez, Schuster & Aguilo LLP, San Juan, PR, PHV Christine C. Kommer, PHV Joel H. Spitz, PHV Michael R. Phillips, McGuirewoods LLP, Chicago, IL, for Defendants.

## OPINION AND ORDER

JUSTO ARENAS, United States Chief Magistrate Judge.

This matter is before the court on motion to quash subpoena filed by plaintiff, Milady Jiménez, on February 23, 2010. (Docket No. 42.) On March 8, 2010, the defendant, Amgen Manufacturing Ltd., filed a motion in opposition. (Docket No. 43.) For the reasons set forth below, plaintiff's motion is GRANTED.

### I. BACKGROUND

On June 30, 2009, plaintiff filed a complaint against the defendant. (Docket No. 1.) Plaintiff claims that she was subject to a hostile work environment and was discriminated against because of her gender. (*Id.*) These claims were brought by plaintiff pursuant to the Constitution of the Commonwealth of Puerto Rico, Puerto Rico Law 100, and Title VII (Count I). (*Id.* at 14–15, ¶¶ 66–71.) Plaintiff also claims that the defendant's actions constitute negligence under the Puerto Rico Civil Code (Count II), and that her employment termination was unjustified pursuant to Puerto Rico Law 80 (Count III). (*Id.* at 15–16, ¶¶ 77 & 80.) On August 21, 2009, the defendant filed its answer to plaintiff's complaint. (Docket No. 9.)

On February 23, 2010, plaintiff filed a motion requesting the court to quash the subpoena issued by the defendant to depose her husband, Mr. José Caraballo ("Mr. Caraballo"). (Docket No. 42.) According to plaintiff the notice for the deposition of Mr. Caraballo was served on her attorney on February 10, 2010. (Docket No. 42–2.) Plaintiff argues that the discovery request issued by the defendant is improper and therefore must be quashed. (Docket No. 42, at 1, ¶ 1.) According to plaintiff, Mr. Caraballo cannot be deposed because he is protected by the marital privilege.[1] (*Id.* at 1–2, ¶ 4.)

On March 8, 2010, the defendant filed a motion in opposition to plaintiff's request. (Docket No. 43.) The defendant argues that plaintiff's request is "without merit." (*Id.* at 3.) First, the defendant claims that plaintiff failed to satisfy the meet and confer requirements of Federal Rule of Civil Procedure 26(c). (*Id.* at 3–4.) According to the defendant, plaintiff's counsel only sent an email objecting to the taking of deposition of Mr. Caraballo. (*Id.*) The defendant argues that plaintiff's "meager effort does not satisfy the meet and confer requirements of Rule 26(c)." (*Id.* at 4.)

Second, the defendant contends that contrary to what plaintiff claims the marital privilege does not prevent it from de-

---

1. Plaintiff also argues that Mr. Caraballo cannot be deposed because he (1) is an employee of the defendant, and (2) he is neither a party nor a witness in this case.

posing Mr. Caraballo. (*Id.*) According to the defendant many of plaintiff's marital communications with Mr. Caraballo are not confidential. (*Id.*) The defendant claims that plaintiff's expert report makes several references to communications between her and Mr. Caraballo. (*Id.*) The defendant believes that these communications are not covered by the marital privilege because they were waived by plaintiff. (*Id.*)

The defendant also claims that during plaintiff's deposition, "[p]laintiff testified about certain factual events relevant to this [case that] involved her husband, including his role in her hiring [as well as] his involvement in an incident that led to [p]laintiff being reprimanded." (*Id.* at 5.) The defendant argues that these facts are not communications and therefore are not protected by the marital privilege. (*Id.*) Finally, the defendant claims that since plaintiff made an allegation for emotional distress in her complaint, Mr. Caraballo can be deposed because of the relevance of his observations. (*Id.*)

## II. ANALYSIS

Plaintiff argues that Mr. Caraballo can neither be deposed nor compelled to testify because he is covered by the marital privilege contained in Rule 501 of the Federal Rules of Evidence. (Docket No. 42, at 1–2, ¶¶ 4–5, citing Fed.R.Evid. 501.) The defendant on the other hand argues that Mr. Caraballo will only be questioned on subjects that are not covered by the marital privilege. (Docket No. 43, at 5.) Thus, the defendant claims that it should be allowed by the court to depose Mr. Caraballo. (*Id.*)

■ Federal common law recognizes two distinct forms of marital privilege: (1) the privilege against adverse spousal testimony, which gives the testifying witness the privilege to refuse to testify against a spouse, even about non-confidential communications or acts (*e.g., Trammel v. United States*, 445 U.S. 40, 40–41, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980); *United States v. Yerardi*, 192 F.3d 14, 18 (1st Cir.1999)); and (2) the confidential marital communications privilege which may be asserted by either spouse to bar the testimony of the other regarding marital communications made in confidence (*e.g., Wolfle v. United States*, 291 U.S. 7, 14, 54 S.Ct. 279, 78 L.Ed. 617 (1934); *United States v. Bey*, 188 F.3d 1, 4 (1st Cir.1999)).

The first of the two federal marital privileges, the privilege against adverse spousal testimony, is only applicable in criminal actions and hence has no bearing on this case. *E.g., Hawkins v. United States*, 358 U.S. 74, 77, 79 S.Ct. 136, 3 L.Ed.2d 125 (1958) (privilege is available only in trial "where life or liberty is at stake"); *Ryan v. Comm'r of Internal Revenue*, 568 F.2d 531, 542–44 (7th Cir.1977); *United States v. Van Drunen*, 501 F.2d 1393, 1397 (7th Cir.1974) (privilege limited to cases where a "spouse . . . observes evidence of the other spouse's crime."); *United States v. Premises Known as 281 Syosset Woodbury Rd.*, 862 F.Supp. 847, 851–52 (E.D.N.Y.1994). However, the second of the two federal marital privileges, the spousal confidential communications privilege (the "communication privilege"), applies in both criminal and civil cases. 2 J. Weinstein and M. Berger, *Weinstein's Evidence* ¶ 505[05], at 505–41 (1994) ("The communications privilege may be asserted by either spouse in both civil and criminal proceedings . . . ."); *United States v. Premises Known as 281 Syosset Rd.*, 862 F.Supp. at 852.

■ Rule 45 allows either a party or non-party to request from the "court [to] quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]" Fed.R.Civ.P. 45(c)(3)(A)(iii).

An objection based on these grounds has to be made "within fourteen days of service, as required by Rule 45(c)(2)(B)." *Tuite v. Henry,* 98 F.3d 1411, 1416 (D.C.Cir.1996); *see Sterling Merch., Inc. v. Nestle, S.A.,* 470 F.Supp.2d 77, 85 (D.P.R. 2006) (citing *In re Ecam Publ'n, Inc.,* 131 B.R. 556 (Bankr.S.D.N.Y.1991)). "[A] motion to quash based on a claim of privilege must comply with Fed.R.Civ.P. 45(d)(2)(A)." *Sterling Merch., Inc. v. Nestle, S.A.,* 470 F.Supp.2d at 84. Rule 45(d)(2)(A) provides that:

> [a] person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
>
> (i) expressly make the claim; and
>
> (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

Fed.R.Civ.P. 45(d)(2)(A).

■ In this case, it is clear that plaintiff has failed to comply with the dispositions of Rule 45(d)(2)(A). In her motion, plaintiff only states that the defendant cannot depose her husband because of the marital privilege. However, plaintiff does not mention which documents or communications are privileged. Even if the court assumed that plaintiff was able to comply with the disposition of Rule 45(d)(2)(A), she would still have to meet three prerequisites in order to assert the communication privilege. These are: (1) that the marriage at the time of the communication was valid; (2) that the communication must have been made with respect to which the privilege is asserted, *United States v. Premises Known as 281 Syosset Woodbury Rd.,* 862 F.Supp. at 854 (citing and quoting *United States v. Lustig,* 555 F.2d 737, 747–48 (9th Cir.1977)); and (3) that the communications must have been made in confidence. *United States v. Premises Known as 281 Syosset Woodbury Rd.,* 862 F.Supp. at 854 (citing *Pereira v. United States,* 347 U.S. 1, 6, 74 S.Ct. 358, 98 L.Ed. 435 (1954)).

Although there does not seem to be a controversy as to the validity of plaintiff's marriage, the other two requirements for asserting the communication privilege are not met with respect to the three areas of the defendant's proposed questioning. First, the communications mentioned in plaintiff's expert report are not confidential because plaintiff waived the communications privilege. *See United States v. Rakes,* 136 F.3d 1, 5 (1st Cir.1998) ("[D]isclosure of a privileged communication ... waives a communications privilege."); *United States v. Brown,* 634 F.2d 819, 829 (5th Cir.1981) ("[T]he privileged party's consent to disclosure for any purpose waives the confidential communications privilege, for once the communication has been disclosed to any third party with the consent of the privileged party, the communication may no longer be 'confidential' within the meaning of the privilege.") Second, neither Mr. Caraballo's observations nor the facts regarding plaintiff's hiring and reprimand are confidential because "the [marital] privilege ... extends only to [communications] and not to acts." *Pereira v. United States,* 347 U.S. at 6, 74 S.Ct. 358; *United States v. Lustig,* 555 F.2d at 748; *see United States v. Manfredi,* 628 F.Supp.2d 608, 645 (W.D.Pa. 2009).

■ Notwithstanding the above, there is no indication that Mr. Caraballo was served with a subpoena in order to be deposed by the defendant. *United States v. Santiago–Lugo,* 904 F.Supp. 43, 47 (D.P.R.1995) ("[A] subpoena is necessary to compel someone who is not a party to appear for the taking of a deposition or for a hearing or trial.") The record only

shows that plaintiff's attorneys were served with the notice for the taking of the deposition. Therefore, the court cannot compel Mr. Caraballo to be deposed as requested by the defendant. As to the defendant's contention that plaintiff's motion has to be denied for failing to satisfy the meet and confer requirements of Rule 26(c), the court finds that it is unavailing because these requirements only have to be met when a protective order is requested and not when, as in this case, a party has moved to quash a subpoena.

### III. CONCLUSION

For the reasons set forth above, plaintiff's motion to quash the subpoena is hereby GRANTED.