In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00173-CV
_____


IN RE COMMITMENT OF MICHAEL ANTHONY PETTIS

_____

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 14-10-11086-CV**
_____

**MEMORANDUM OPINION**

Michael Anthony Pettis appeals from a judgment on a jury verdict that resulted in his civil commitment as a sexually violent predator. *See* Tex. Health & Safety Code Ann. § 841.081(a) (West Supp. 2015). In two issues, Pettis argues (1) that the trial court erred in overruling his objection to testimony by the State's expert witness that Pettis is deceptive and (2) that admitting a communication between Pettis and his wife into evidence amounts to a fundamental error that may be raised for the first time on appeal. We overrule both of Pettis's issues and affirm the trial court's judgment and order of civil commitment.

1

## Expert Opinion Testimony

In issue one, Pettis contends the trial court erred by overruling his Rule 702 objection to expert opinion testimony that he complained concerned his truthfulness.

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue.

Tex. R. Evid. 702.

In Pettis's trial, the State presented a psychiatrist, Dr. Lisa Clayton, for her expert opinion regarding whether Pettis suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. Dr. Clayton testified that she conducted a forensic psychiatric evaluation of Pettis. As part of her evaluation, she performed a mental status examination and diagnosed mental disorders under the American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition, or DSM-V. Dr. Clayton testified that one of the most important factors she considered in forming her opinion that Pettis has a behavioral abnormality was her diagnosis of pedophilic disorder and antisocial personality disorder under the criteria set out in the DSM-V. She explained that antisocial personality disorder is a medical term that describes

2

someone who lacks a conscience. She discussed the criteria for antisocial personality disorder, applied them to Pettis, and stated that the diagnosis of antisocial personality disorder supported her finding that Pettis has a behavioral abnormality.

When Dr. Clayton was asked what evidence of Pettis's personality traits meet the criteria for antisocial personality disorder, Dr. Clayton replied, "that he is deceitful[.]" Pettis objected to an improper comment on the truth or veracity of another witness. The trial court overruled the objection. Dr. Clayton stated that the characteristics of antisocial personality disorder include a failure to conform to social norms with respect to lawful behaviors, as in repeatedly performing acts that are grounds for arrest, as well as personality traits such as deceitfulness, impulsivity, reckless disregard for safety of self and others, consistent irresponsibility as indicated by repeated failure to sustain consistent work behavior or honor financial obligations, and lack of remorse as indicated by being indifferent or rationalizing, having hurt, mistreated or stolen from another.

Citing a criminal case, *Yount v. State*, Pettis argues the trial court erred in overruling his objection because Dr. Clayton offered an expert's direct opinion as to the truthfulness of a witness. *See generally* 872 S.W.2d 706, 711-12 (Tex. Crim. App. 1993). In *Yount*, a pediatrician testified that she had examined hundreds of

children who claimed to have been fondled or penetrated and she had seen very few cases where the child was not telling the truth. *Id.* at 707-08. The Court held that expert testimony which assists the jury in determining an ultimate fact issue is admissible, but "Rule 702 does not permit an expert to give an opinion that the complainant or class of persons to which the complainant belongs is truthful." *Id.* at 708, 712. But, where the expert's testimony concerns a mental condition, the understanding of which is beyond the comprehension and understanding of the average person, it does not invade the province of the jury for the expert to use the facts and the defendant's relation to them in pursuing and determining the medical diagnosis and explaining that diagnosis to the jury. *Reid v. State*, 964 S.W.2d 723, 732 (Tex. App.—Amarillo 1998, pet. ref'd).

This appeal is similar to *In re Commitment of Eeds*, 254 S.W.3d 555, 558 (Tex. App.—Beaumont 2008, no pet.). In *Eeds*, after the psychiatrist stated that she thought Eeds was not being honest about his sexual offenses, she was then asked what she felt Eeds was dishonest about and what she based her opinion on. *Id.* We held that the psychiatrist's response "concerned a matter within her expertise rather than within the province of the jury." *Id.* at 559. In that case, the testimony was admissible because the psychiatrist's expressed opinion about Eeds's truthfulness demonstrated how her observations of Eeds's responses during their interview

affected her medical opinion that he had a behavioral abnormality. *Id*. Likewise, Dr. Clayton's observation of Pettis's personality characteristics relates to her diagnosis of a mental disorder that is key to forming the basis for her expert opinion that Pettis has a behavioral abnormality that makes him likely to commit a predatory act of sexual violence. The trial court properly admitted the evidence as specialized knowledge of the expert to assist the jury's understanding of the evidence and its determination of a fact in issue. *See* Tex. R. Evid. 702. Issue one is overruled.

## Spousal Privilege

In issue two, Pettis complains that the spousal confidential communication privilege was violated when the jury heard testimony about a letter he mailed to his wife from prison in 1999. *See generally* Tex. R. Evid. 504(a). Pettis had no objection to the exhibit and the letter was admitted into evidence. The State questioned Pettis concerning the contents of the letter without an objection. Pettis complains that the letter was protected by spousal privilege and he argues that its admission into evidence was fundamental error that he may raise for the first time on appeal.

Generally, a timely and specific trial court level objection is a prerequisite for presenting an issue on appeal. *See* Tex. R. Evid. 103(a); Tex. R. App. P.

33.1(a). The spousal communication privilege has long been acknowledged to be subject to waiver by failure to object, even in a criminal case decided at a time when the separate spousal testimonial privilege, which disqualified a criminal defendant's spouse as a witness, could not be waived. *See Briddle v. State*, 742 S.W.2d 379, 390 (Tex. Crim. App. 1987), *overruled on other grounds by Valencia v. State*, 946 S.W.2d 81, 82 (Tex. Crim. App. 1997).

Citing *Trammel v. U.S.*, Pettis suggests the public's interest in maintaining the privacy of spousal communications justifies reversing his civil commitment notwithstanding his failure to object to having the letter used against him during the trial. *See generally* 445 U.S. 40, 48 (1980). In *Trammel*, the Court modified the common law spousal testimonial privilege to vest the privilege solely in the witness-spouse, so that the witness spouse could not be compelled to testify but could no longer be foreclosed from testifying. *Id*. at 53. We agree there is a public interest in marital harmony that confidential marital communications protect. *See, e.g., Wolfle v. U.S.*, 291 U.S. 7, 14 (1934) ("The basis of the immunity given to communications between husband and wife is the protection of marital confidences, regarded as so essential to the preservation of the marriage relationship as to outweigh the disadvantages to the administration of justice which the privilege entails."). That interest is adequately protected by Texas Rule of

6

Evidence 504(a). Pettis cites to no authority that holds that the Rule 504(a) spousal communication privilege is self-executing and non-waivable. We conclude that Pettis failed to preserve his complaint concerning the admission of the letter to his wife because he did not object when it was offered as an exhibit in the trial. *See* Tex. R. Evid. 103(a); Tex. R. App. P. 33.1(a). We overrule issue two, and we affirm the trial court's judgment and order of civil commitment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on December 21, 2015
Opinion Delivered June 16, 2016

Before Kreger, Horton, and Johnson, JJ.