Daniel **HERNANDEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–87–184–CR.

Court of Appeals of Texas,
Corpus Christi.

May 19, 1988.

Gilberto E. Rosas, Brownsville, for appellant.

Ben Euresti, Jr., Brownsville, for appellee.

Before NYE, C.J., and DORSEY and SEERDEN, JJ., concur.

## OPINION

DORSEY, Justice.

A jury convicted appellant, Daniel Hernandez, for indecency with a child and assessed an eight-year probated sentence. In his sole point of error, appellant challenges the sufficiency of the evidence. At issue is whether there is evidence corroborating the existence of the corpus delicti that was admitted in extrajudicial confessions. We reverse the judgment of the trial court.

The indictment, dated December 10, 1986, charges that appellant, "with intent to arouse and gratify the sexual desire of [appellant]," exposed his genitals to his daughter, who was "younger than seventeen years of age."

At trial, two written extrajudicial statements of appellant were admitted into evidence. One was taken by Department of Human Resources caseworker, Pat Martinez, accompanied by a police officer, Ray Martinez, and the other was taken by Officer Antonia Rodriguez of the Brownsville Police Department. In each appellant admits, while alone with his daughter, exposing his penis to her and placing a condom on it. The stated reason for the display was appellant's fear that his thirteen-year-old daughter would become pregnant unless she learned birth control techniques.

The victim testified that her father did not expose himself to her, but that she had told the caseworker that he had, although such was not true. She said the reason she made the complaint against her father was that he was threatening to take her and the family to El Salvador. Although the daughter identified her written, signed statement to the caseworker, the statement was not introduced into evidence. Over objection, she read a portion of it during her direct examination by the State as follows:

Q: BY MR. OLSEN: Will you please read that first line, the first sentence?

A: Out loud?

Q: Yes.

A: "My father began to touch me when we arrived here in Brownsville, Texas from El Salvador about three or four years ago."

Q: Is that true?

A: No.

Q: Can you read that?

A: Here?

Q: Yes.

A: "My father did not work this day."

Q: Go ahead.

A: "We were in my mother's bedroom. My father took out a green elastic, a condom, from his pocket."

Q: Is that true?

A: No.

Other portions of the daughter's written statement were read by her, but none are material to the issue of whether the appellant exposed himself to her.

After the appellant's motion for instructed verdict was overruled, he took the stand and denied ever displaying his penis to his daughter and disavowed his earlier statements.

Appellant asserts in his sole point of error that the evidence is insufficient to sustain the conviction. He specifically contends that the State failed to present any independent evidence that could corroborate his extrajudicial confession.

In *Brown v. State*, 576 S.W.2d 36, 42 (Tex.Crim.App.1978), the Court of Criminal Appeals, sitting en banc, reversed a panel decision on motion for rehearing and, speaking unanimously, quoted *Smith v. State*, 363 S.W.2d 277, 279 (Tex.Crim.App. 1963), that:

It is well settled that a confession, alone, is not sufficient to support a conviction. It must be corroborated. There must be proof that the offense was committed— that is, the corpus delicti must be proved. The confession may be used to aid in proving the corpus delicti but is not alone sufficient.

The court in *Brown*, after quoting *Smith*, continued at 43:

For example, the corpus delicti of murder is a death caused by criminal means. A confession supported by such a showing would be sufficient to sustain a conviction for murder and the showing need not be entirely independent on the confession. *Self v. State*, 513 S.W.2d 832 [Tex.Crim.App.1974].

The offense here charged, indecency with a child, is defined in Tex.Penal Code Ann. § 21.11(a)(2) (Vernon Supp.1988) to consist of the following elements: 1) exposing his anus or any part of his genitals, 2) knowing a child younger than 17 years of age and not his spouse is present, 3) with intent to arouse or gratify the sexual desire of any person.

The corpus delicti is the exposure of the genitals or anus. We must therefore review the record to see if there is any evidence apart from the extrajudicial confessions that appellant exposed his genitals to his daughter.

The State relies on the testimony of the case worker, Pat Martinez, and of the victim for corroboration of the act. The caseworker's testimony concerns what the victim told her, i.e. she asked for protection and did not want to return home because of the "sexual abuse by the father." Assuming *arguendo* that the unobjected-to hearsay statement is probative of its truth when the daughter herself denied the truth of the statement, we find that it does not constitute evidence that the appellant exposed his genitals to his daughter.

The other evidence relied on by the State is the portion of the daughter's statement quoted above, to the effect that appellant "took out a green elastic, a condom, from his pocket." This is insufficient to indicate the corpus delicti.

Thus, we find that there is no evidence to corroborate appellant's confessions and to establish the corpus delicti of the charged offense.

Appellant's point of error is sustained.

The judgment is REVERSED and the cause REMANDED to the trial court for entry of an ACQUITTAL.

NYE, C.J., dissents.

NYE, Chief Justice, dissenting.

I respectfully dissent. Appellant challenges the sufficiency of the evidence to support the conviction. Specifically, he claims there was insufficient evidence, without the confessions, to prove the corpus delicti.

The approach by the majority opinion is that the independent evidence failed to *establish* that appellant did in fact expose his genitals to the victim, his daughter. The independent evidence *by itself* does not have to establish the corpus delicti. If there is some evidence, direct or circumstantial, corroborating the confession, the confession of the accused may be used to assist in establishing the corpus delicti of an offense. *Penry v. State*, 691 S.W.2d 636, 648 (Tex.Crim.App.1985), *cert. denied*, 474 U.S. 1073, 106 S.Ct. 834, 88 L.Ed.2d 805 (1986); *Honea v. State*, 585 S.W.2d 681, 684 (Tex.Crim.App.1979); *Self v. State*, 513 S.W.2d 832, 837 (Tex.Crim.App.1974); *Littlefield v. State*, 720 S.W.2d 254, 258 (Tex. App.—Beaumont 1986, pet. ref'd); *Freeman v. State*, 630 S.W.2d 868, 870 (Tex. App.—Houston [1st Dist.] 1982, pet. ref'd).

Appellant stated in two written confessions that about two months before the date of the confessions he was at home alone with his daughter. He called her into the bathroom, took off most of his clothes, masturbated, put a condom on his sexual organ in front of his daughter, and showed her what it looked like. No one else was home at the time.

Pat Martinez, a case worker with the Department of Human Resources, testified that they had been contacted by a confidential source, not the victim, who suspected that appellant had sexually abused the victim. The next day, Martinez talked with the victim for the first time and placed her in a foster home because of the sexual abuse of appellant and because the victim requested protection and did not want to return home. Martinez' testimony regarding specifically what the victim told her was not developed at trial, but Martinez testified that they were concerned that ap-

pellant touched the victim and exposed himself to her.

Antonio Rodriguez, a police detective, testified that she received a call from the victim's elementary school regarding suspected abuse of the victim by appellant.

During direct examination, the victim testified that she had complained to her school teachers about something that was happening at home. She also testified that she told Pat Martinez that appellant was touching her and she had problems at home. Upon inquiry by the prosecutor about what kind of problems she was having, she said appellant was forcing her family to move to another country and they did not want to move. The prosecutor then asked her if appellant ever did anything she did not like while they were home alone. She said no and added that appellant had never touched her.

At this point the prosecutor asked her, without objection, whether she had made a prior statement to Pat Martinez that appellant exposed himself to her and whether the statement was true. The victim admitted making the prior statement but now she claimed the statement wasn't true.

The prosecutor then questioned her about two prior written statements she had made to Martinez. Appellant objected on the grounds that the prosecution was impeaching its own witness. The judge overruled the objection and then allowed questioning regarding the two statements. The victim testified that parts of the statements were true, but the part about appellant exposing himself was not true. Part of the written statement was read by the victim that told that her father showed her a rubber one time in her parents' bedroom. The written statements were not admitted into evidence.

The victim also testified that she requested to go to a foster home because, "I was afraid that when he realized that I had spoken about this he would do something to me or scold me."

Appellant contends that the evidence relating to the victim's prior statements cannot be used to corroborate the confession because the evidence was admitted for impeachment purposes only. Appellant relies on the rule that evidence which is admitted for the limited purpose of impeachment should not be considered by the jury as direct evidence of guilt. *Key v. State*, 492 S.W.2d 514, 516 (Tex.Crim.App.1973); *Gutierrez v. State*, 628 S.W.2d 57, 65 (Tex. Crim.App.1982).

However, in the case at bar, the evidence at trial *was not* restricted to impeachment purposes. Appellant did not object, nor did he seek a limiting instruction during the examination of the witness. Appellant did not request an instruction in the charge to the jury that the evidence only be considered as it related to the credibility of the witness. The party opposing an offer of evidence has the burden of requesting a correct limiting instruction where evidence is admissible for a limited purpose only and the court admits evidence without limitation. Tex.R.Crim.Evid. 105(a); *Plante v. State*, 692 S.W.2d 487, 493 (Tex.Crim.App. 1985). Additionally, the rationale for the rule prohibiting inconsistent unsworn testimony from being used as primary evidence rests on the basis that such testimony is hearsay testimony without probative force; therefore, it is only admissible to determine the credibility of the witness. *Rogers v. State*, 368 S.W.2d 772, 773 (Tex.Crim.App. 1963).

Recent rules and case law in Texas now provide that unobjected to hearsay "shall not be denied probative value merely because it is hearsay." Tex.R.Crim.Evid. 802; *Chambers v. State*, 711 S.W.2d 240, 245–247 (Tex.Crim.App.1986); *Harris v. State*, 727 S.W.2d 537, 541 (Tex.Crim.App. 1987). Appellant never objected to the testimony regarding the witness' prior statements on the grounds that such testimony was hearsay evidence.

Accordingly, I would hold that the evidence relating to the prior inconsistent statements, unobjected to on hearsay grounds, and without an admitted limited purpose at trial, has probative value and can be considered to corroborate appellant's confessions.

The evidence that the victim complained to others about sexual abuse, that she told a case worker her father had exposed himself to her, that she had previously given a written statement wherein she stated appellant exposed himself to her, and that she was afraid of appellant, was sufficient evidence corroborating the confessions of the appellant.

In determining the sufficiency of the evidence to support the conviction, the standard of review is whether any rationale trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Soffar v. State*, 742 S.W.2d 371, 375 (Tex.Crim.App.1987). After reviewing the record in the light most favorable to the verdict, I would hold that any rationale trier of fact, considering the confessions and testimony adduced at trial, could easily find beyond a reasonable doubt that appellant committed the offense. I would affirm the jury verdict of guilty.