**Arnold MORENO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13-91-038-CR.**

Court of Appeals of Texas,
Corpus Christi.

Dec. 30, 1991.

Rehearing Overruled Jan. 30, 1992.

Discretionary Review Refused
May 6, 1992.

Noe D. Garza, Brownsville, for appellant.

Luis V. Saenz, Dist. Atty., John A. Olson, Asst. Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and FEDERICO G. HINOJOSA, Jr. and BISSETT [1], JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

A jury convicted appellant of indecency with a child and assessed punishment of ten years' confinement, probated. Appellant's sole point of error alleges legal insufficiency of the evidence to establish the corpus delicti of indecency with a child.

---

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1988).

Appellant argues that no evidence exists to corroborate his extrajudicial confession. Appellant relies on *Hernandez v. State*, 750 S.W.2d 902 (Tex.App.—Corpus Christi 1988, no pet.). Appellant raises no point of error regarding testimony admitted over hearsay objections. We disagree and affirm the judgment of the trial court.

When we review the sufficiency of the evidence to establish whether the State has proved an element of the offense, we must look at all of the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have believed the elements established beyond a reasonable doubt. *Blankenship v. State*, 780 S.W.2d 198, 206–207 (Tex.Crim.App. 1989). We must consider all of the evidence, whether it was properly or improperly admitted. *Rodriguez v. State*, 819 S.W.2d 871, 873 (Tex.Crim.App.1991); *Deason v. State*, 786 S.W.2d 711, 716 (Tex. Crim.App.1990).

▇ The offense of indecency with a child consists of the following elements: 1) any touching of the anus, breast, or any part of the genitals, 2) of a child, 3) younger than 17 years of age, 4) not the offender's spouse, and 5) with the intent to arouse or gratify the sexual desire of any person. Tex.Penal Code Ann. § 21.11(a)(1) (Vernon 1989). The corpus delicti of this offense is touching the child's anus, breast, or genitals with the intent to arouse or gratify the sexual desire of any person.

▇ We must, therefore, review the record to see if there is any evidence apart from the extrajudicial confession that appellant touched the anus, breast or genitals of his stepdaughter with the intent to arouse or gratify the sexual desire of any person. *Hernandez*, 750 S.W.2d at 904.

In the present case, the victim's sworn statement to the Department of Human Services worker specifically states that appellant removed her blouse and bra and touched her breasts. The statement was admitted in evidence over appellant's hear-

say objection. A portion of the statement follows:

On December 31, 1989 my mother had gone to a party with my brother, Carlos and my boyfriend was at the house with me. My father told my boyfriend that he had to leave as my mother was already getting home. My mother does not like my boyfriend so he left in order that she did not catch him there. My step-father then took me upstairs to Jason's room. Jason is my step-brother. He took off my blouse and also my bra. He started to touch me on my breasts. He took out his penis and made me touch it. He then undid my shorts and started to rub his hand on my vagina. He kept touching me while I was moving his penis up and down. His penis then let out some sperm ...

This testimony was admitted over hearsay objections. Witnesses from the Department of Human Services testified to the authenticity of the victim's statement. The victim's boyfriend testified that the victim had told him several times that appellant had touched her breasts and genital area on numerous occasions. The boyfriend further testified that on the night of the offense, the victim appeared scared after appellant told him that it was time for him to leave and time for the victim to go upstairs. The boyfriend further testified that the victim called him shortly after he arrived home and told him that appellant had just touched her breasts. Additional witnesses were called by the State to testify about the victim's statements to them concerning the sexual contact.

The trial court admitted this testimony as substantive evidence, and, whether the testimony was properly or improperly admitted, this court must consider it probative when determining the sufficiency of the evidence. *Rodriguez*, at 873 (Tex.Crim. App.1991).

We find that there is sufficient evidence to corroborate the appellant's extrajudicial confession and that such evidence establishes the corpus delicti of the offense of indecency with a child.[2] The admitted tes-

---

**2.** Appellant's reliance on *Hernandez v. State*, 750 S.W.2d 902 (Tex.App.—Corpus Christi 1988, no pet.) is misplaced. There the court found no evidence that the defendant had exposed his

timony was sufficient to allow the trier of fact to believe that the appellant touched the victim's breasts with the intent to arouse or gratify his sexual desires.

The judgment of the trial court is AFFIRMED.

genitals when the corroborating testimony was that the complainant feared to go home because of "sexual abuse by the father" and that he had taken a condom out of his pocket. *Hernandez,* 750 S.W.2d at 904. Clearly, neither the fact that the defendant had removed a condom from his pocket, nor the fact that the complainant feared to go home because of some general form of sexual abuse that was not specifically identified, could establish that the defendant had exposed his genitals to the victim.