NUMBER 13-00-548-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI


 

JOEL PINEDA , Appellant, 


v.


THE STATE OF TEXAS , Appellee.






On appeal from the 148th District Court

of Nueces County, Texas.





O P I N I O N

Before Chief Justice Valdez and Justices Dorsey and Rodriguez

Opinion by Justice Dorsey



A jury found appellant, Joel Pineda, guilty of indecency with a child and assessed punishment at five years in prison with a
recommendation of probation. The issue is whether the evidence is legally sufficient to support the conviction. We affirm.

I. Facts

D.G., a five-year-old girl, testified that while at her babysitter's home appellant kissed her on the "pee-pee." When the
State's attorney asked D.G. where appellant kissed her she pointed to her genitals. Appellant is the babysitter's husband.

D.G.'s mother testified that D.G. told her that appellant "kissed me on my pee-pee." She took D.G. to Driscoll Hospital for
an examination.

Sonja Eddleman, a sexual assault nurse examiner at the hospital, supervised D.G.'s examination. Eddleman testified that
D.G. said that appellant "touched my pee-pee." She said that D.G. pointed to her female sexual organ. D.G. then stated that
appellant "took my shorts and panties off and kissed my pee-pee. . . ."

In his written confession, which was admitted into evidence, appellant stated, "I rubbed her [D.G.'s] private part area with
my hand and she was giggling and smiling." Appellant repudiated this statement in his trial testimony, saying that he had
never touched D.G.'s genitals with his hand.

II. Analysis

By his sole issue appellant challenges the legal sufficiency of the evidence to support his conviction. In reviewing the legal
sufficiency of the evidence we use the well-established test set out in Jackson v. Virginia, 443 U.S. 307, 319
(1979);Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).

Here the application paragraph stated that the jury could convict appellant if they found beyond a reasonable doubt that he
"with the intent to arouse or gratify his sexual desire, intentionally or knowingly touch[ed] the genitals of another person,
namely, [D.G.] with his hand; and that [D.G.] was then a female child younger than 17 years of age and not the spouse of
the defendant. . . ." (emphasis added). Appellant argues that his extrajudicial confession is the only evidence showing that
he touched D.G."s genitals with his hand. Thus the extrajudicial confession cannot support the conviction because there is
no evidence to corroborate the statement in the confession that he touched D.G.'s genitals with his hand. 

A criminal conviction cannot be based on a defendant's extrajudicial confession unless independent evidence tending to
establish the corpus delicti corroborates the confession. Fisher v. State, 851 S.W.2d 298, 302 (Tex. Crim. App. 1993). The
independent evidence need not connect the defendant to the crime; it need only show that a crime was committed. Emery
v. State, 881 S.W.2d 702, 705 (Tex. Crim. App. 1994). Such evidence need not be sufficient by itself to prove the offense; 
it need only be "some evidence which renders the corpus delicti more probable than it would be without the evidence." Id.

The corpus delicti of indecency with a child is the occurrence of a sexual touching of the child with the intent to arouse or
gratify the sexual desire of any person. Tex. Penal. Code Ann. §§ 21.01(2), 21.11(a)(1) (Vernon 1998); Gonzales v. State,
4 S.W.3d 406, 412-13 (Tex. App.-Waco 1999, no pet). See Moreno v. State, 823 S.W.2d 366, 367 (Tex. App.--Corpus
Christi 1991, pet. ref'd). The corpus delicti rule allows an appellate court to consider all the record evidence, other than the
extrajudicial confession, in the light most favorable to the jury's verdict when determining whether the evidence tended to
prove the corpus delicti more probable than not. Fisher, 851 S.W.2d at 303.

Here the independent evidence was that appellant kissed D.G.'s genitals. Thus the independent evidence tended to establish
the corpus delicti; i.e., the occurrence of a sexual touching of D.G. with the intent to arouse or gratify the sexual desire of
appellant. As stated above, the independent evidence does not have to be sufficient in itself to prove the offense; it merely
needs to render it more probable than not. The independent evidence, viewed in the light most favorable to the verdict, is
some evidence which renders the corpus delicti more probable than not. Accordingly appellant's confession was
corroborated by independent evidence tending to establish the corpus delicti. The evidence is legally sufficient to sustain
the conviction. We overrule appellant's sole issue.

We AFFIRM the trial court's judgment.



______________________________

J. BONNER DORSEY,

Justice



Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 28th day of March, 2002.