NUMBER
13-01-379-CR

 

                                  COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                                    CORPUS
CHRISTI

 



 

ANTONIO MARTINEZ,                                                                      Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                        Appellee.

 



 

                               On
appeal from the 214th District Court

                                           of
Nueces County, Texas.

 

 



                             MEMORANDUM
OPINION

 

                   Before Chief Justice Valdez and Justices Yañez and Castillo

                                           Opinion
by Justice Castillo

 

 

 

 








Antonio
Martinez, appellant, was convicted by a jury of aggravated sexual assault of a
child[1]
and indecency with a child[2]
and sentenced to thirty years and seven years in prison, respectively.  From these convictions, he appeals,
complaining that the trial court erred in failing to suppress statements made
by appellant to a clergyman and  arguing
that the evidence is legally insufficient to support the conviction for
indecency with a child.  We affirm.

As
this is a memorandum opinion not designated for publication and the parties are
familiar with the facts, we will not recite them here. Tex. R. App. P. 47.1.

Failure
to Suppress Statements








In his first issue, appellant argues
that the statements he made to a clergyman to whom his parents had taken him
were privileged and so should have been excluded under Texas Rule of Evidence
505.[3]  Appellant specifically asserts that the trial
court should have granted his motion to suppress such statements based on his
assertion of a privileged communication with the clergyman. 

The
trial court made no findings of fact as to its denial of the motion to
suppress, but did state that Aif
[the clergyman=s]
testimony is believed and [sic] the motion is without merit. Court finds
[the clergyman=s]
testimony to be credible and denies the motion to suppress.@ 
As the trial court=s
decision clearly turned on the question of credibility, we review his ruling
under the Aalmost
total deference@ standard
set out in Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App.
1997).  In light of this standard and the
evidence in this case, we decline to disturb the trial court=s ruling.








We
note further that even if we were reviewing this motion de novo, we
would find no error in the admission of this testimony.  As this case involved a sexual assault
against a child, the privilege of rule 505 was abrogated under Texas Family
Code section 261.202, which prohibits the exclusion of evidence on the grounds
of privileged communication in a proceeding regarding the abuse or neglect of a
child, aside from communications made between attorney and client.[4]  Tex.
Fam. Code Ann. '261.202
(Vernon 1996); Bordman  v. State,  56 S.W.3d 63, 68 (Tex. App.B Houston [14th Dist.] 2001,no
pet.)(holding that section 261.202 controls over rule of evidence 505);[5]
see also Gonzalez v. State, 45 S.W.3d 101, 107 (Tex. Crim. App.
2001)(noting that there is some indication that the clergyman=s privilege in Texas may not be
inviolate and that disclosure may be compelled in two circumstances, one of
which is under the family code section predecessor to section 261.202).[6]  The trial court thus had no authority to
exclude this evidence on the basis of a privileged communication to clergy.[7]









We
overrule appellant=s first
issue.

Corroboration
of the Confession

In
appellant=s second
issue, he complains that the evidence was legally insufficient to sustain the
conviction for indecency with a child because there was no  evidence corroborating appellant=s extra-judicial confession.  Appellant is correct in asserting that a
conviction may not be had solely on the extrajudicial confession of a defendant
and that there must be other evidence tending to establish the corpus
delicti of the offense, that is, evidence tending to show that a crime was
committed, in order for a conviction to stand. 
Gribble v. State, 808 S.W.2d 65, 70 (Tex. Crim. App. 1990).  








However,
the quantum of independent evidence need not be great.  Id. at 71-72.  It is not necessary that this other evidence
be sufficient to fully prove the corpus delicti. Id. at
72. Once there is some evidence independent of the extrajudicial confession
that tends to corroborate the extrajudicial confession, the confession itself
can be used to aid in establishing the corpus delicti.  Self v. State, 513 S.W.2d 832, 835 (Tex.
Crim. App. 1974).  Accordingly, the
independent evidence need not be such as to prove each particular element of
the charged crime.  Monterrubio v.
State, 941 S.W.2d 322, 326 (Tex. App.BCorpus
Christi 1997, pet. ref=d).  Indeed, Acircumstances
[which] are ambiguous in some respects and far from adequate to support the
conclusions they imply@
may nonetheless suffice to provide the requisite  corroboration.  Gribble, 808 S.W.2d at 73.  There must simply be some independent
evidence which makes the commission of the crime more likely than in the
absence of such evidence.  Id. at
72.       

The
corpus delicti for indecency with a child is the occurrence of a sexual
contact with a child with the intent to arouse or gratify the sexual desire of
any person.  Tex. Pen. Code Ann. ''
21.01(2), 21.11(a)(2) (Vernon Supp. 2002); Moreno v. State, 823 S.W.2d
366, 367 (Tex. App.BCorpus
Christi 1991, pet. ref=d).   Accordingly, we must  consider all of the record evidence, other
than the extrajudicial confession, in the light most favorable to the jury=s verdict, to determine if there is
some evidence that makes it more probable that appellant had sexual contact
with the victim with the intent to gratify appellant=s
sexual desire, than without such evidence. 
Fisher v. State, 851 S.W.2d 298, 302 (Tex. Crim. App.
1994).      








Here
there is evidence independent from appellant=s
extrajudicial confession that renders the commission of the offense more
probable than without such evidence.  The
outcry testimony and the statement of the victim detailing appellant forcing
the child to perform certain sexual acts and the circumstances in which the
encounter took place, the videotape of the entrance of the location where the
offenses took place and appellant=s
prints found therein, the admissions made to the clergyman regarding his guilt
and to his mother regarding his guilt and the veracity of his statement to the
police,[8]
all corroborate his confession and serve to make it more probable that the
crime of indecency with a child occurred than without such evidence.  We overrule appellant=s
second issue. 

Conclusion

Having
overruled both of appellant=s
issues, we affirm the judgment of conviction of the trial court.                                                                             

ERRLINDA CASTILLO

Justice

 

Do not publish.

Tex.
R. App. P. 47.3(b).

 

Opinion delivered and filed

this 15th day of August, 2002.








 











[1]
Tex. Pen. Code Ann. '22.021(a)(1)(B)(ii)(Vernon
Supp. 2002).





[2]
Tex. Pen. Code Ann. '21.11(a)(1)(Vernon
Supp. 2002).





[3]
This rule provides as follows:

 

COMMUNICATIONS
TO MEMBERS OF THE CLERGY

 

(a)
Definitions. As used in this rule:

 

(1)
A Amember of the
clergy@ is a minister,
priest, rabbi, accredited Christian Science Practitioner, or other similar
functionary of a religious organization or an individual reasonably believed so
to be by the person consulting with such individual.

 

(2)
A communication is Aconfidential@
if made privately and not intended for further disclosure except to other
persons present in furtherance of the purpose of the communication.

 

(b)
General Rule of Privilege.  A person has a privilege to refuse to
disclose and to prevent another from disclosing a confidential communication by
the person to a member of the clergy in the member=s
professional character as a spiritual advisor.

(c)
Who May Claim the Privilege.  The privilege may be claimed by the person,
by the person=s guardian or
conservator, or by the personal representative of the person if the person is
deceased. The member of the clergy to whom the communication was made is
presumed to have authority to claim the privilege but only on behalf of the
communicant. 

 

Tex. R. Evid. 505.





[4]
That section provides:

 

In
a proceeding involving the abuse or neglect of a child, evidence may not be
excluded on the ground of privileged communication except in the case of
communications between an attorney and client.

 

Tex. Fam. Code Ann. '261.202
(Vernon 1996).

 

 

For
the purposes of chapter 261 of the Family Code, abuse includes:

 

sexual
conduct harmful to a child=s
mental, emotional, or physical welfare, including conduct that constitutes the
offense of indecency with a child under section 21.11, Penal Code, sexual
assault under Section 22.0011, Penal Code, or aggravated sexual assault under
Section 22.021, Penal Code[.]

 

 Tex.
Fam. Code Ann. '261.001(1)(E)
(Vernon Supp. 2002).                                                            





[5]
Rule 101(c) of the Texas Rules of Evidence provides a hierarchical governance in
criminal proceedings, which specifies that civil statutes have precedence over
the rules of evidence.  Tex. R. Evid. 101(c)(setting out
hierarchy as Constitution of the United States, federal statutes that control
states under supremacy clause, Constitution of Texas, Code of Criminal
Procedure and Penal Code, civil statutes, rules of evidence and the common
law).





[6] We
note, furthermore, that the clergyman was under a legal obligation to report
the information that he had received to the police under Texas Family Code
section 261.101 even if the conversation would otherwise have been privileged
under Texas Rule of Evidence 505.  Tex. Fam. Code Ann. '261.101(a)
(Vernon Supp. 2002). The requirement expressly includes members of the clergy. Tex. Fam. Code Ann. '261.101(c)
(Vernon Supp. 2002).  Failure to report
such abuse is a criminal offense, punishable as a Class B misdemeanor.  Tex.
Fam. Code Ann. '261.109 (Vernon
1996).





[7]
We note that essentially the same testimony was received by the
jury during appellant=s mother=s
testimony, without any objection, and significantly more inculpatory evidence
was received by way of the admission of appellant=s
written confession which was far more detailed than the few words spoken to the
clergyman.  Even if section 261.202 had
not prevented the application of the privilege, and if the admission of this
evidence had been erroneous, in light of the all the other evidence before the
jury in this case, the admission of appellant=s
statements to the clergyman was harmless. 





[8]  There were two other admissions by appellant:
1) an in-court admission of the correctness of his confession, and 2) a
judicial confession of guilt to Athis
crime@ with which he
was charged made during the punishment phase of the trial.

In
the former, in a hearing outside the presence of the jury conducted to
determine the admissibility of appellant=s
extrajudicial statement, appellant admitted AI
agree with it [the statement], but I did not understand that it could be used
against me.@

In
the latter, at the punishment hearing, appellant=s
own attorney asked him if he was Athe
person charged with this crime@
and if he was Aguilty of this
crime.@  Appellant answered, AYes,
I am@ to both
questions and later stated that he wanted to apologize to the victim and say he
was Asorry for his
mistake.@ 

We have found no authority that would support construing Aall
the record evidence@ in the context
of the corroboration requirement for a confession in such a manner so as to
permit the consideration of evidence outside of the guilt/innocence phase of
the trial or outside of the presence of the jury.  As we find that the extra-judicial confession
was corroborated by evidence given in the presence of the jury during the
guilt/innocence phase of the trial, we do not consider these admissions. We
decline the State=s invitation to
specifically declare that corroborating evidence need not be presented to the
jury, but only to the judge, and have no need to determine whether evidence
presented at the punishment phase can be considered in establishing
corroboration.