Juan Pablo ALMENDAREZ, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 05–03–01204–CR.

Court of Appeals of Texas,
Dallas.

Jan. 21, 2005.

Adam Seidel, Dallas, for Appellant.

John R. Roach, Collin County Dist. Atty., M. Emily Johnson–Liu, McKinney, for State.

Before Justices WHITTINGTON, BRIDGES, and FRANCIS.

**OPINION**

Opinion By Justice BRIDGES.

Juan Pablo Almendarez appeals his indecency with a child conviction. A jury convicted appellant and assessed punishment at five years' confinement and a $5000 fine. The jury further recommended that appellant be placed on com-

munity supervision, and the trial court placed appellant on community supervision for five years. In a single issue, appellant argues the trial court erred in admitting the testimony of a clergyman over appellant's claim of privilege under rule of evidence 505. We overrule appellant's sole issue and affirm the trial court's judgment.

In October 2000, appellant's ten-year-old stepdaughter made an outcry that appellant had been touching her "private parts." Subsequent to the outcry, appellant and his wife conferred with elders from their church. Appellant's wife also reported the outcry to the police, and appellant was charged with indecency with a child. At trial, appellant asserted his statements to Thomas Bravo, an elder in appellant's church, were privileged communications to a member of the clergy under rule of evidence 505.[1] The trial court overruled appellant's objections, the jury convicted appellant, and this appeal followed.

In his sole issue, appellant argues the trial court erred in permitting Bravo to testify over appellant's objection that the substance of Bravo's testimony was privileged. In general, a person has a privilege to refuse to disclose and to prevent another from disclosing a confidential communication by the person to a member of the clergy in the member's professional character as spiritual adviser. TEX.R. EVID. 505(b); *Kos v. State*, 15 S.W.3d 633, 639 (Tex.App.-Dallas 2000, pet. ref'd). However, in a proceeding regarding the abuse or neglect of a child, evidence may not be excluded on the ground of privileged communication except in the case of communications between an attorney and client. TEX. FAM.CODE ANN. § 261.202 (Vernon 2002). The family code's definition of

"abuse" specifically includes "sexual conduct harmful to a child's mental, emotional, or physical welfare, including conduct that constitutes the offense of indecency with a child under Section 21.11" of the penal code. TEX. FAM.CODE ANN. § 261.001(1)(E) (Vernon 2002). Further, the legislature chose the broad term "proceeding" rather than the more specific term "suit," indicating the applicability of section 261.202 to *any* proceeding, criminal or civil. *See* TEX. FAM.CODE ANN. § 261.202.

The court of criminal appeals, in *Gonzalez v. State*, 45 S.W.3d 101, 107 (Tex.Crim. App.2001), discussed the clergyman privilege under Texas law. The court addressed whether the First District Court of Appeals correctly determined that California law governed the admissibility of statements made to a clergyman. *Id.* at 106–07. In concluding the court of appeals correctly applied California law to the facts of the case, the court declined to view the clergy communication privilege as "so deeply rooted in [Texas'] jurisprudential history that application of another state's version of the privilege, under the facts of [that] case, would be abhorrent to [Texas'] public policy." *Id.* at 107. In reaching this decision, the court discussed exceptions to the apparently absolute privilege afforded clergy communications under rule of evidence 505. *Id.* The court cited the Texas Family Code's provision limiting the clergy communication privilege and providing that, with the exception of the attorney-client privilege, evidence will not be excluded on the ground that it is a privileged communication in proceedings regarding abuse and neglect of a child. *Id.*

We also note the rules of evidence provide a hierarchy in criminal proceedings

---

**1.** The court in *Simpson v. Tennant*, 871 S.W.2d 301, 310 (Tex.App.-Houston [14th Dist.] 1994, no writ), stated: "We perceive a clear intent to afford Texans the opportunity for spiritual counseling in 'total and absolute confidence,'" quoting *Trammel v. United States*, 445 U.S. 40, 51, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980).

where the code of criminal procedure takes precedence over civil statutes, which take precedence over the rules of evidence. TEX.R. EVID. 101(c). Here, the code of criminal procedure has no provision for a clergyman privilege; thus, the family code statute takes precedence over rule 505. *See id.*

Although few courts have addressed the applicability of section 261.202 to a claim of clergyman privilege, the court in *Bordman v. State,* 56 S.W.3d 63, 68 (Tex.App.-Houston [14th Dist.] 2001, pet. ref'd), held that, in a prosecution for aggravated sexual assault of three children, the trial court did not err in denying appellant's claim of clergy-communication privilege because section 261.202 excepts the privilege in child abuse cases. We find the reasoning of the court in *Bordman* persuasive. Because this case involved abuse of a child, we conclude the trial court was correct in overruling appellant's objection that Thomas' testimony involved privileged matters under rule of evidence 505.[2] *See* TEX. FAM.CODE ANN. § 261.202 (Vernon 2002); *Bordman,* 56 S.W.3d at 68. We overrule appellant's sole issue.

We affirm the trial court's judgment.

---

**2.** The Texas Legislature has determined that any communication involving the abuse or neglect of a child, defined as "a person under 18 years of age who is not and has not been married" will not be afforded protection under any circumstances other than the attorney-client privilege. TEX. FAM.CODE ANN. §§ 101.003(a), 261.202 (Vernon 2002). As a result, there is no privilege protecting communications with a clergyman in his professional capacity as a spiritual adviser regarding the abuse or neglect of a child. *See* TEX.R. EVID. 505(b).