[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11311
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 28, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00243-JOF-CCH-1

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

                versus

FELIPE SANTIAGO-SANCHEZ,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 28, 2010)

Before TJOFLAT, BARKETT, and MARCUS, Circuit Judges.

PER CURIAM:

Felipe Santiago-Sanchez ("Santiago") pled guilty to illegal reentry into the

United States after deportation, in violation of 8 U.S.C. § 1326(a), and the district court sentenced him to prison for 45 months under 8 U.S.C. § 1326(b)(2). He now appeals his sentence, contending that the district court erred in finding that the sexual offenses he committed in 1994, as to which adjudication was withheld, were convictions sufficient to serve as a predicate for a 16-level enhancement of his base offense level under U.S.S.G. § 2L1.2(b)(1)(A)(ii), and constituted "aggravated felonies" so as to trigger a 20-year statutory maximum sentence under § 1326(b)(2). He also contends that his sentence is procedurally and substantively unreasonable.

1.    Prior sexual offenses

We review a district court's interpretation of the Guidelines and any relevant criminal statutes *de novo*. *United States v. Lazo-Ortiz*, 136 F.3d 1282, 1284 (11th Cir. 1998). We also review the legality of a sentence *de novo*. *United States v. Moriarty*, 429 F.3d 1012, 1023 (11th Cir. 2005).

Section § 1326, forbids an alien who once was deported from returning to the United States without special permission, and it authorizes a maximum prison term of two years. 8 U.S.C. § 1326(a). However, if an alien was convicted of an "aggravated felony" prior to the initial deportation, § 1326(b)(2) authorizes a 20-year maximum sentence. 8 U.S.C. § 1326(b)(2). The statute defines an

"aggravated felony," among other things, as including the "murder, rape, or sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A). "[S]exual abuse of a minor" means a perpetrator's physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification. *United States v. Padilla-Reyes*, 247 F.3d 1158, 1163-64 (11th Cir. 2001); *see also United States v. Ortiz-Delgado*, 451 F.3d 752, 756 (11th Cir. 2006) (under the Guidelines, California conviction for committing lewd act on a child under the age of 14 is a crime of violence because it constitutes sexual abuse of a minor); *United States v. Marin-Navarette*, 244 F.3d 1284, 1286 (11th Cir. 2001) (attempted child molestation in the third degree constitutes sexual abuse of a minor). As amended on September 1, 1987, the Texas Penal Code defined aggravated sexual assault to include the intentional penetration, by any means, of the female sexual organ of a child less than 14 years old. Tex. Penal Code Ann. § 22.021 (1987). Along the same time frame, the Penal Code also defined indecency with a child to include intentional sexual contact with a child under the age of 17 who is not the spouse of the accused, with the intent to arouse or gratify the sexual desire of any person, which included the touching of the child's breast. *Moreno v. State*, 823 S.W.2d 366, 367 (Tex. App. 1991) (citing Tex. Penal Code Ann. § 21.11(a)(1) (1989)).

Next, 8 U.S.C. § 1101(a)(48)(A) defines a conviction, where adjudication of

guilt has been withheld, as requiring the following two elements: (1) a judge or jury has to find the alien guilty, or the alien has to plead guilty or admit sufficient facts to warrant a finding of guilt, and (2) the judge has to order "some form of punishment, penalty, or restraint on the alien's liberty to be imposed." 8 U.S.C. § 1101(a)(48)(A). A formal adjudication of guilt is not required. *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 809-10 (11th Cir. 2006). Further, even a probationary term is sufficient to fall within the second prong of the statutory test. *Resendiz-Alcaraz v. U.S. Att'y Gen.*, 383 F.3d 1262, 1268 (11th Cir. 2004).

The Guideline for a § 1326 conviction, U.S.S.G. § 2L1.2, provides a base offense level of 8, with a 16-level enhancement if the defendant previously was deported after a conviction for a felony that qualifies as a "crime of violence." U.S.S.G. § 2L1.2(a), (b)(1)(A)(ii). The commentary section defines a "crime of violence" as including the sexual abuse of a minor. *Id.* § 2L1.2, comment. (n.1(B)(iii)).

We conclude that the district court did not err in making the 16-level enhancement under § 2L1.2(b)(1)(A)(ii) and in determining that Santiago was subject to the maximum of 20 years' imprisonment established by 8 U.S.C. § 1326(b)(2), because his 1994 offenses constitute both actual convictions and aggravated felonies.

4

2.    <u>Reasonableness of sentence</u>

After *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we established a two-part process for district courts to use in calculating sentences. *United States v. McBride*, 511 F.3d 1293, 1297 (11th Cir. 2007). First, the district court must consult and correctly calculate the sentencing range recommended by the Guidelines. Second, the district court must fashion a reasonable sentence by considering the factors enumerated in 18 U.S.C. § 3553(a). *Id*.

When reviewing for procedural reasonableness, we ensure that the district court (1) properly calculated the Guidelines range, (2) treated the Guidelines as advisory, (3) considered the § 3553(a) factors, (4) did not select a sentence based on clearly erroneous facts, and (5) adequately explained the chosen sentence. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). Moreover, 18 U.S.C. § 3553(c) requires the district court to state its reasons for the sentence in open court. 18 U.S.C. § 3553(c)(1). In complying with § 3553(c), "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468, 168 L. Ed.2d 203 (2007). However, "[t]he appropriateness

of . . . what to say, depends upon [the] circumstances." *Id.* Furthermore, *Booker* does not require the district court to discuss each of the § 3553(a) factors or mention on record that it has explicitly considered each factor. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).

After we determine that the district court's sentencing decision is procedurally sound, we then review the substantive reasonableness of the sentence for an abuse of discretion. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. "[T]here is a range of reasonable sentences from which the district court may choose." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). We consider the final sentence in its entirety in light of the § 3553(a) factors. *United States v. Thomas*, 446 F.3d 1348, 1351 (11th Cir. 2006). The district court is "permitted to attach great weight to one factor over others." *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir.) (quotation omitted), *cert. denied*, 129 S.Ct. 2847 (2009). In arriving at a reasonable sentence, the district court shall impose a sentence that is "sufficient, but not greater than necessary," to comply with the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational

training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2). Other factors that the sentencing court should consider are the following: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available; (3) the Sentencing Guidelines range; (4) pertinent policy statements of the Sentencing Commission; (5) the need to avoid unwanted sentencing disparities among similarly situated defendants; and (6) the need to provide restitution to victims. *Talley*, 431 F.3d at 786 (citing 18 U.S.C. § 3553(a)).

Having reviewed the record, we conclude that the district court did not abuse its discretion in imposing the sentence at issue: the sentence was procedurally and substantively reasonable.

AFFIRMED.